GREENBERG, Circuit Judge,
concurring.
I join in the majority opinion, though my approach to this case leads me to file this concurring opinion to emphasize the particular nature of the claimed First Amendment right at issue here. This is not a case in which the defendants precluded the student-plaintiff, Amanda Walker-Serrano, from setting forth her views on the circus to the school authorities or punished her for doing so. Rather, Amanda asserts a First Amendment right to collect signatures on a petition and thus have her fellow eight- or nine-year old third grade students join her protest.[1] While, as the majority opinion points out, maj. op. at 418, “[a]s a general matter collecting petitions is a protected activity under the First Amendment,” it seems to me that it will be a rare case in which such conduct should be protected when the signatures are sought from children as young as those involved here, particularly in a school setting.
I think that it is unlikely that the third grade children here could have had knowledge of how a circus treats its animals. After all, I have no such knowledge myself. Yet Amanda induced more than 30 of them to sign a petition that they did not want to go to the circus because it “hurt[s] animals.” Of course, I recognize that even adults will sign petitions without understanding the issues involved and in doing so likely will be protected constitutionally, as will be the persons circulating the petitions. But the status of adults differs from that of children at school as in general public officers and agencies have no obligation to protect adults from their own conduct or the importuning by other persons. On the other hand, students are in the temporary custody of the school authorities who tnust protect them during the period of the custody. See Bd. of Educ. of Indep. Sch. Dist. No. 92 v. Earls, 536 U.S. 822, 122 S.Ct. 2559, 2565, 153 L.Ed.2d 735 (2002). Moreover, an eight- or nine-year old child might not be able to resist the peer pressure to sign a petition and thus might do so even if the petition advocates a position with which he or she does not agree. In any event, a child of such age should not be confronted with having to make the choice to sign or not sign.
It is also significant that in Pennsylvania education is mandatory and thus, while I do not doubt that most parents would send their children to school without a legal requirement that they do so, the children to whom Amanda presented her petition were in school in satisfaction of a statutory mandate. See Pa. Stat. Ann. tit. 24, §§ 13-1326, 13-1327 (West 1992). At the risk of being regarded as “not with it,” “old fashioned,” “out-of-date,” or “politically incorrect,” I acknowledge being of the view that parents do not send their children, particularly young children, to school in order for them to be solicited to state their opinions on matters of public concern or school administration.
I think it clear that it is not at all appropriate for third grade children to be asked to state their views by signing a petition, at least until they have an opportunity to ask for their parents’ advice and guidance on the issue involved. Thus, it seems to me that the existence vel non of a First Amendment right here should take into account the interests of the children other than Amanda and their relationships *421 within their families. When this case is considered from that perspective it becomes quite evident that Amanda has not advanced any interest worthy of First Amendment protection.
In considering this matter from the perspective of the interests of all the children I am on solid ground. While Tinker v. Des Moines Independent Community School District, 398 U.S. 503, 506, 89 S.Ct. 733, 736, 21 L.Ed.2d 731 (1969), made it clear that students do not shed their First Amendment rights at the schoolhouse gate, the case also indicated that there can be regulation of student speech interfering with the rights of other students. Id. at 509, 89 S.Ct. at 738. When Amanda presented her petition to the other children she was infringing on their rights as they were entitled while at school to be free from her solicitation of their signatures. Recently, in upholding a drug testing requirement for students participating in extracurricular activities against a claim that the requirement infringed the students’ privacy interests, the Supreme Court, quoting Justice Powell’s concurring opinion in New Jersey v. T.L.O., 469 U.S. 325, 348, 350, 105 S.Ct. 733, 746, 747, 83 L.Ed.2d 720 (1985), pointed out that “apart from education, the school has the obligation to protect pupils from mistreatment by other children.... ” Bd. of Educ. v. Earls, 122 S.Ct. at 2565. While I recognize that some people are of the opinion that it is never too early for a person to learn to challenge authority, I believe that a school should protect an eight- or nine-year old child from the solicitation of another child to sign a petition and thus this case is without merit.
In the circumstances I agree that we should affirm.

. We were told the students’ age at oral argument.